UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER ALDERMAN,

        Plaintiff,

v.

LVNV FUNDING, LLC,

        Defendant.

CIVIL ACTION
FILE NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Jennifer Alderman, by counsel, hereby files her Complaint ("Complaint") against Defendant LVNV ("Defendant") as follows:

## INTRODUCTION

1.

This is an action for actual and statutory damages, attorneys' fees, and costs, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

2.

Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of her personal identifiable information ("PII") to apply for a credit card account with Credit One Bank, N.A. ending in account number 5242 ("Account") in her name and without her knowledge or consent. Defendant is a debt buyer and purchased the Account from Credit One Bank, N.A.

3.

Plaintiff is a "consumer" and Defendant is a debt collector as those terms are defined or used by the FDCPA.  The Account is a consumer debt.

4.

As set forth below, within one year of the filing of this Complaint, Defendant sought to collect the Account from Plaintiff even though she did not open it and was not responsible for it. Defendant's collection actions including filing a collections lawsuit against Plaintiff for the Account in the County Court, Small Claims Division, Manatee County, Florida bearing case number 2025SC003904AX ("Collections Lawsuit").  Defendant also reported the Account to one or more of the credit bureaus – Equifax, Trans Union, Experian (collectively "CRAs") under Plaintiff's name to be included in her credit reports.  Both the Collections Lawsuit and the reporting of the Account to the credit bureaus were debt collection actions taken by Defendant and subject to the FDCPA.

5.

Plaintiff disputed Defendant's wrongful Collections Lawsuit directly with Defendant and notified Defendant she did not open the Account ("Direct Disputes").  Plaintiff also disputed the Account with the CRAs that were reporting it ("Indirect Disputes") and advised them that the Account was inaccurate.  Trans Union, one of the CRAs, deleted the Account from Plaintiff's Trans Union report.  Upon information and belief, Trans Union notified Defendant that Trans Union had deleted the Account from Plaintiff's Trans Union credit report in response to her dispute with Trans Union.  Notwithstanding Trans Union's notice to Defendant of deletion of the Account, Defendant continued to pursue the Collections Action against Plaintiff.

6.

In her Direct Disputes with Defendant, Plaintiff notified Defendant that she did not open

the Account and was not responsible for it.  Plaintiff provided Defendant with a police report that

she had filed concerning the Account.  Plaintiff, through her counsel, contacted Defendant to ask

that Defendant dismiss the Collections Lawsuit based on the police report.  Defendant refused

and insisted that Plaintiff complete Defendant's own fraud form.  Plaintiff spent her additional

time and effort to complete Defendant's own fraud form and return it to Defendant through

Defendant's counsel in the Collections Lawsuit.  Despite providing Defendant with (i) a police

report and (ii) Defendant's own fraud form that it had insisted upon, Defendant did not dismiss

the Collections Lawsuit and persisted in prosecuting it against Plaintiff.  As of the date this

lawsuit was filed, Defendant still had not dismissed the Collections Lawsuit.

7.

Defendant's actions, and inactions, described herein violated the FDCPA.  Defendant's

continued prosecution of its Collection Lawsuit, especially after it made its determination that

Plaintiff was not liable for the Account, was reckless and intentional.

8.

As set forth below, Plaintiff suffered concrete harm as a result of Defendant's violations

of the FDCPA.

## PARTIES, JURISDICTION, AND VENUE

9.

At all times material to this action, Plaintiff was a resident of Florida and this District.

10.

At all times material to this action, Defendant was a foreign limited liability company doing business in Florida and this District.

11.

Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent, to wit: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1692 and 28 U.S.C. § 1331.

13.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

14.

Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

15.

Plaintiff lives and works in this District.  She is an individual and a consumer under the FDCPA.

16.

Upon information and belief, Plaintiff's PII was stolen and used by a third party to apply for the Account.

17.

Plaintiff did not apply for the Account and does not know who did.  She did not receive any benefit from the Account.

18.

A fraudster applied for the Account in Plaintiff's name.

19.

Apparently the fraudster that Defendant permitted to open the Account did not pay the Account and Defendant charged it off.  Defendant turned the delinquent debt over to a collections law firm to sue Plaintiff for the debt he did not owe.

20.

Defendant reported the delinquent Account to one or more of the CRAs.

21.

The Account was inaccurate.  Plaintiff did not owe the Account.  The Account was the result of fraud.

22.

Within one year of the filing of this lawsuit, Plaintiff made her Direct Disputes with Defendant, as described above, and notified Defendant that she did not open the Account and that it was the result of fraud.  Plaintiff provided Defendant with a police report and Defendant's own fraud form.

23.

Defendant did not cease its collection efforts, particularly its credit reporting of the Accounts to one or more of the CRAs under Plaintiff's name, notwithstanding Plaintiff's Direct Disputes.

24.

Defendant did not dismiss its Collections Lawsuit even after Plaintiff had provided it with a police report and with Defendant's own fraud form.

25.

Defendant's stubborn refusal to dismiss the Collections Lawsuit and have the Account deleted from Plaintiff's credit reports constituted a violation of the FDCPA.

26.

As a result of Defendant's violations of the FDCPA, Plaintiff has suffered, and continues to suffer, emotional distress from having an inaccurate credit file that Defendant refuses to properly correct; her wasted time and effort to review her credit files for Defendant's inaccuracies; her time and effort to make her Direct Disputes with Defendant and Indirect Disputes with the CRAs; lowered credit score; denial of credit; lost time from work to file a police report and appear in court in the Collections Lawsuit; time spent working with her counsel to defendant Defendant's meritless Collections Lawsuit; and other damages to be shown at trial. Plaintiff has also incurred her attorney's fees and costs in both the Collections Lawsuit and the present case.

27.

As a result of Defendant's violations described above,  Plaintiff was required to retain legal counsel to assist her.

## COUNT ONE:
### Defendant's Violations of the FDCPA

28.

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

29.

Defendant negligently violated the FDCPA in at least the following ways:

(a) Violating Section 1692e of the FDCPA by making false and misleading representations that Plaintiff owed the Account in its credit reporting and in the Collections Lawsuit.  Defendant's continued prosecution of the Collections Lawsuit after it had received the police report and its own fraud form was intentional and reckless.

(b) Violating Section 1692f of the FDCPA by engaging in unfair practices with respect to the collection of the Account in its continued credit reporting of the Account and its continued prosecution of the Collections Lawsuit even after it had received both the police report and its own fraud form.

30.

As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged as set forth above.

31.

Pursuant to 15 U.S.C. § 1692k, Defendant is liable to Plaintiff for her damages as set forth above and in an amount to be determined by the Court.

32.

Pursuant to 15 U.S.C. § 1681k, Defendant is liable to Plaintiff for her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests the judgment be entered in her favor and against

Defendant for her actual damages, statutory damages, attorneys' fees and costs, under the

FDCPA, and all other relief deemed just, equitable, and proper by the Court.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 10, 2026.                              Respectfully submitted,

                                                    */s/ John A. Love*
                                                    John A. Love
                                                    FL Bar No. 67224
                                                    **LOVE CONSUMER LAW**
                                                    2500 Northwinds Parkway
                                                    Suite 330
                                                    Alpharetta, GA 30009
                                                    404.855.3600
                                                    tlove@loveconsumerlaw.com